IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | |
| IRIS JUDITH REYES VAZQUEZ | * | CASE NO. 11-01359 MCF |
| | * | |
| Debtor | | CHAPTER 13 |
| ---------------------------------- | * | |
| DORAL BANK | | INDEX |
| | * | |
| Movant | | |
| | * | |
| IRIS JUDITH REYES VAZQUEZ
and ALEJANDRO OLIVERAS RIVERA
as DEBTOR, TRUSTEE | * | |
| | * | |
| Respondent (s) | | |

**MOTION FOR RECONSIDERATION AND TO SET ASIDE
ORDER LIFTING THE AUTOMATIC STAY IN FAVOR OF
MOVANT DORAL BANK DOCKET NO. 27**

**TO THE HONORABLE COURT:**

COMES NOW, **IRIS JUDITH REYES VAZQUEZ**, respondent-debtor, in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. This contested matter is brought by respondent/debtor (hereinafter "debtor") to request the Court to reconsider and set side the Order granting movant Doral Bank's motion for relief of stay, re-imposing the stay in its full force and effect, allowing the debtor to cure her post-petition mortgage loan arrears and continue making direct payments under the protection of this Honorable Court.

2. On February 22, 2011, debtor filed a bankruptcy petition under Chapter 13 of title 11, 11 U.S.C. §§1301 et seq.

Page – 2-
Motion to Set Aside §362 Order
Case no. 11-01359 MCF13

3. On August 22, 2012, Doral Bank filed a motion under 11 U.S.C. §362(e), docket no. 22, alleging that the debtor had incurred in post-petition mortgage loan arrears in the sum of $1,908.39, including late charges and legal fees.

7. On September 12, 2012 the Court issued an Order lifting the automatic stay in favor of movant Doral Bank, by default against the debtor, docket no. 27.

8. On September 12, 2012, the debtor called her attorney via telephone and informed him that she had obtained the funds to cure the post-petition arrears with Doral Bank. Although the debtor's attorney had drafted the debtor's response to Doral Bank's §362 motion, when he was to file the same with this Court, he became aware that the Court had previously entered the Order lifting the stay in favor of Doral Bank on that same date, September 12, 2012.

9. Attached to this motion is copy of two postal money orders for the sums of $1,000.00 and 908.39, respectively. The debtor will visit the offices of Doral Bank tomorrow, September 14, 2012 to deposit the payments with movant Doral Bank.

10. To the extent the Order granting the motion for relief of stay filed by Doral was entered against debtor by default and for failure to keep post-petition mortgage loan payments current to said creditor, which payments in arrears the debtor is proposing to cure, the Order should be reconsidered and set aside.

11. The debtor prays that this Court enter an Order in her favor, setting aside the order granting the motion for relief of stay filed by Doral Bank, docket no. 27, re-imposing the stay in its full force and effect, and granting such other or further relief as

Page – 3-
Motion to Set Aside §362 Order
Case no. 11-01359 MCF13

is appropriate.

12. For good cause shown, the Court may set aside a judgment by default under Rule 7055 and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

13. Rule 7055 of the Federal Rules of Bankruptcy Procedure incorporates Rule 55 of the Federal Rules of Civil Procedure to adversary proceedings, and states, in pertinent part as follows:

> "( c ) **Setting Aside the Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 55 F.R.Civ.P.

14. Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Rule 60 of the Federal Rules of Civil Procedure to "cases under the Code" and states, in pertinent part, as follows:

> "**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . . ." Rule 60(b) of the Federal Rules of Civil Procedure.

15. In the case at bar, the debtor respectfully submits that she has the funds to cure the post-petition arrears owed to Doral Bank, that the payment will be tendered to Doral Bank on September 14, 2012, therefore, there is reason to set aside the operation

Page – 4-
Motion to Set Aside §362 Order
Case no. 11-01359 MCF13

of this Order since the grounds for the issuance of the same, failure by the debtor to maintain current post-petition payments to Doral Bank, will be cured.

16. In the case of *In re Rodriguez Camacho*, BAP No. PR 06-0013, the Bankruptcy Panel for the First Circuit held that a debtor may set aside and request reconsideration of an Order lifting the automatic stay which was entered by default, if the post-petition arrears are cured to the movant creditor. The request for a reconsideration of the Order may be made though motion.

17. The debtor prays that this Court enter an Order in her favor, setting aside the Order granting the motion for relief of stay filed by Doral Bank, docket no. 27, re-imposing the stay to its full force and effect, and granting such other or further relief as is appropriate.

**WHEREFORE**, the debtor respectfully requests that this Court grant the present motion and set aside the order granting the motion for relief of stay filed by Doral, docket no. 27, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

**NOTICE: Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any other party to the action that objects to the relief sought herein shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

Page – 5-
Motion to Set Aside §362 Order
Case no. 11-01359 MCF13

**I CERTIFY** that a copy of this motion was filed with the Clerk of the Court using the CM/ECF system which will send notification of the same to: Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; Sergio A. Ramírez de Arellano, Esq., Counsel for Doral Bank; I also certify that a copy of this motion was sent via regular US Mail to Sergio A. Ramírez de Arellano, Esq., Counsel for Doral Bank, Banco Popular Center 11th Floor Ste 1133 209 Muñoz Rivera Avenue San Juan Puerto Rico 00918-1009; and to Iris Judith Reyes Vazquez, PO Box 1417 Cidra PR 00739.

In San Juan, Puerto Rico, this 14th day of September, 2012.

/s/R. Figueroa Carrasquillo
ROBERTO FIGUEROA CARRASQUILLO
ATTORNEY FOR RESPONDENT/DEBTOR
USDC 203614
PO BOX 186 CAGUAS PR 00726
TEL. 787-744-7699 FAX 787-746-5294
Email: rfigueroa@rfclawpr.com



a Roberto Figueroa Carrasquillo
# caso - 11-01359

Iris J. Reyes Vazquez